UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD WESLEY BRYAN, | CASE NO. 3:16-CV-05092-RBL-JRC |
| Petitioner, | REPORT AND RECOMMENDATION |
| v. | NOTED FOR: MAY 13, 2016 |
| PATRICK GLEBE, | |
| Respondent. | |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura.  The authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Petitioner Richard Wesley Bryan filed a 28 U.S.C. § 2254 petition challenging his 2012 disciplinary hearing where he was sanctioned to five days disciplinary segregation, lost five days of good time credits and lost extended family visits for three years. Dkt. 8. The Court's records reflect that the petition is a second or successive petition which must be transferred to the Ninth Circuit.

**DISCUSSION**

Petitioner previously sought habeas relief in this Court as to his 2012 disciplinary hearing. *See Bryan v. Glebe,* 13-5828 BHS-KLS.  In that petition, petitioner argued that: (1) the Department of Corrections ("DOC") violated his due process rights when petitioner agreed to take a urinalysis, told correctional officers he was taking medication and the correctional officers failed to ask what medication petitioner was taking; (2) petitioner should not have been infracted for failure to provide a urinalysis when DOC staff did not exhaust all of its options under DOC policy; (3) petitioner was denied a fair hearing during the disciplinary process when he requested a witness statement from his medical provider and the medical provider stated that he was unaware of petitioner's infraction; and (4) the sanctions imposed on petitioner were arbitrary and capricious. *See Bryan v. Glebe,* 13-5828 BHS-KLS, Dkt. 4 at 5 – 9. Case No. 13-5828 was denied and a certificate of appealability was denied. Dkts. 14, 16. Petitioner also attaches a copy of the Order Adopting Report and Recommendation and Judgment in Case No. 13-5828 to his petition. Dkt. 8, Attachment D at 26-31.

In his present petition, petitioner again attempts to challenge his 2012 disciplinary hearing. Dkt. 8. In his first ground for relief, petitioner argues that his Fifth and Fourteenth Amendment due process rights were violated during his 2012 disciplinary hearing, making the hearing unfair. Dkt. 8 at 5. Petitioner alleges that his second ground for relief is that the court has authority to hear a matter that was reviewed in a prior application if the "ends of justice" will be met. *Id.* at 7. Petitioner acknowledges that he has raised these grounds for relief before but that he has re-raised them here because the matter is "at a constitutional magnitude and actual and substantial prejudice exist both at a federal and state level and are clearly contrary to well established precedent…." Dkt. 8 at 7. In his third ground for relief, petitioner alleges that his

1  2012 disciplinary hearing violated his due process rights because when petitioner called his

2  medical provider as a witness, petitioner was not informed of waiving any privilege/right so that

3  petitioner's medical provider could be examined and questioned. *Id.* at 8.

4        Based on the foregoing, this appears to be a second or successive petition.  If a petition is

5  second or successive, then petitioner must seek authorization from the Court of Appeals before

6  filing the new petition with the district court.  28 U.S.C. § 2244 (b) (3) (A).   Ninth Circuit Rule

7  22-3 (a) provides guidance:

8        Any petitioner seeking leave to file a second or successive 2254 petition or 2255
   motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255.  An
9        original and five copies of the application must be filed with the Clerk of the
   Court of Appeals.  No filing fee is required.  If a second or successive petition or
10       motion, or application for leave to file such a petition or motion, is mistakenly
   submitted to the district court, the district court shall refer it to the court of
11       appeals.

12        Because this petition contests the same loss of good time credits, disciplinary segregation

13  and loss of extended family visits imposed by the same 2012 disciplinary hearing as his prior

14  petition, *see Bryan v. Glebe,* 13-5828 BHS-KLS, petitioner was required to receive authorization

15  from the Court of Appeals before filing his second challenge.  Because petitioner has failed to do

16  so, this Court is without jurisdiction to entertain it.  *Burton v. Stewart,* 549 U.S. 147, 152 (2007).

17  **CONCLUSION**

18        The Court recommends that this petition be referred to the Ninth Circuit and that the file

19  be administratively closed without deciding whether the petition should be dismissed.

20        Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have

21  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

22  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

23  review by the district judge.  *See* 28 U.S.C. § 636 (b) (1) (C).  Accommodating the time limit

24

imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 13, 2016**, as noted in the caption.

Dated this 15th day of April, 2016.

J. Richard Creatura
United States Magistrate Judge